**THE J. H. HILLMAN.**

**HILLMAN TRANSP. CO. v. JONES.**

**No. 7095.**

Circuit Court of Appeals, Third Circuit.

Dec. 4, 1939.

Thomas Watson and R. M. Steffler, both of Pittsburgh, Pa., for appellant.

Roger Knox, of Pittsburgh, Pa., for appellee.

Before BIDDLE, JONES, and BUFFINGTON, Circuit Judges.

BUFFINGTON, Circuit Judge.

This is an appeal by the respondent from a decree entered by the court below sitting in admiralty dismissing exceptions to a report and order of a commissioner appointed by the court to pass on the claim of the appellee under Sec. 33 of the Merchant Marine Act of 1920, 41 Stat. 1007, c. 250; 46 U.S.C.A. § 688 (Jones Act), for injuries suffered by him through the alleged negligence of the appellant.

The commissioner's report discussed the case in full, as did also the judge below in considering the exceptions filed by the appellant. Reference thereto saves needless repetition by this court.

Briefly stated, the appellee was a steward on the Steamer J. H. Hillman and in the performance of what the commissioner found to be his duty he was injured by falling through an open hatch, causing the damages awarded him by the commissioner.

Under the Jones Act contributory negligence is not a bar to recovery, but is to be given due weight in arriving at the damage recoverable by the claimant. The commissioner made a substantial reduction in the amount of damages otherwise assessable, which reduction was caused by the contributory negligence of the appellee.

The appellant's alleged negligence was due to the fact that his vessel did not furnish a safe place to work, but created one which invited libellant, using the deck where the hatch was open, to walk across the hatch, which ordinarily and in the proper regard for safety should have been closed. The accident occurred early in the morning. The steward had reason to use the path in order to secure a better service of electric light, and followed said path which the appellant had marked over the deck by painting a walk-way thereon which in effect invited foot passage in a course leading across the hatch. The commissioner found that while it constituted an inducement and an invitation to follow the path marked out, the appellant nevertheless failed to close the hatch as it should have done. We see no reason to differ from the commissioner or the court below. The former had the advantage of seeing the witnesses and he also visited the vessel and saw the conditions existing on the deck. We feel the libellant made out a case and therefore affirm the decree of the court below.